UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANTONIO BAILON, *et al.*,

    Plaintiffs,

v.

SEOK AM#1 CORP, *et al.*,

    Defendants.

CASE NO. C09-5483JRC

ORDER

Before the court is plaintiff's motion to dismiss and request for a protective order (Doc. 10), which is noted for November 20, 2009. On November 5, 2009, defendants filed a motion to continue the dispositive motion and the request for the protective order until additional discovery occurs. Because defendants' motion to continue was filed without being specifically noted for an earlier date[1] and it was docketed as only a response to plaintiffs' motion, the court is issuing this order to clarify the record and establish a briefing schedule.

After reviewing the matter the court orders the following:

1. Plaintiff's motion to dismiss and request for protective order shall be renoted and considered by the court on its **December 4, 2009** motion calendar. According to

---

[1] Local Rule CR (7)(b)(1) requires all motions to include in the caption the date the motion is to be noted for consideration upon the court's motion calendar.

ORDER - 1

Local Rule CR (7)(d), any opposition to the motion shall be filed no later than Monday, November 30, 2009, and any reply brief shall be filed by no later than December 4, 2009. It appears to this court that the issues currently before the court depend largely upon whether or not plaintiffs' immigration status is relevant or may lead to the discovery of relevant evidence. While plaintiffs have briefed this issue, defendants have chosen instead to ask this court to go forward with discovery without responding to this issue. This short continuance is warranted to allow defendants the opportunity to fully reply to the legal issues raised in plaintiff's motion to dismiss. All discovery is stayed until the court rules on this issue.

2. If any opposition is filed, defendants may include the argument that a further continuance is necessary to conduct limited discovery. However, because plaintiffs' motion to dismiss is based on the argument that certain counter claims and defenses are not legally cognizable, defendants must address the need to conduct discovery to resolve what plaintiffs contend are purely legal issues.

3. Defendants should provide legal authority and argument specifically addressing the following three issues raised in plaintiffs' motion:

   - Whether alleged undocumented-worker immigration status provides a defense or counterclaim in an FLSA/MWA case for work already performed.

   - Whether FLSA/MWA defendants have a right to seek indemnity or contribution from third parties such as co-workers or joint employers.

   - Whether FLSA/MWA claims are subject to personal defenses such as waiver, estoppel, unclean hands, laches, "independent intervening conduct of" third party, failure to mitigate damages, "equal[] or exceed[ing] fault of plaintiffs," proximate cause of third party, failure to pay taxes, or a public policy punitive damages defense.

4. As referenced above, the Clerk is directed to renote plaintiffs' motion to dismiss and request for a protective order for **December 4, 2009**. Plaintiffs should respond to defendants' arguments for additional discovery no later than **December 4, 2009**.

Dated this 17th day of November, 2009.

/s/ J. Richard Creatura
J. Richard Creatura
United States Magistrate Judge